***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

On appellant's petition for reconsideration filed August 8;
reconsideration allowed, former disposition (321 Or App 212, 514 P3d 1207)
withdrawn, remanded for further proceedings September 28, 2022

GREEN TREE SERVICING LLC,
*Plaintiff,*
*and*

WILMINGTON SAVINGS FUND SOCIETY, FSB,
dba Christiana Trust, not individually but as
Trustee for Pretium Mortgage Acquisition Trust,
*Plaintiff-Respondent,*

*v.*

Kent R. SEIDA, Sr.,
aka Kent R. Seida, aka Kent Seida,
the Administrator of the
U.S. Small Business Administration,
an agency of the government of
the United States of America,
*Defendant-Appellant,*

*and*

THE STATE OF OREGON
AND ALL OTHER PERSONS OR PARTIES UNKNOWN
CLAIMING ANY RIGHT, TITLE, LIEN OR INTEREST
IN THE REAL PROPERTY COMMONLY KNOWN AS
2545 SW ANCHOR AVENUE,
LINCOLN CITY, OR 97367 et al.,
*Defendants.*

Lincoln County Circuit Court
132390; A175885

Marcia L. Buckley, Judge.

Kent R. Seida *pro se* for petition.

Before Tookey, Presiding Judge, and Egan, Judge, and
Kamins, Judge.

PER CURIAM

Reconsideration allowed; former disposition withdrawn; remanded for further proceedings.

**PER CURIAM**

Defendant Seida appealed from a general judgment of foreclosure and attorney fees. We affirmed without opinion, *Green Tree Servicing LLC v. Seida*, 321 Or App 212, 514 P3d 1207 (2022), and defendant petitions for reconsideration. We grant the petition for reconsideration, withdraw our former disposition, and remand for further proceedings.

This case involves the temporary moratoria on foreclosures enacted in response to the COVID-19 pandemic. The foreclosure proceeding here was initiated before the pandemic began, but was abated in accordance with House Bill (HB) 4204 (2020), which prohibited courts from entering judgments of foreclosure during the emergency period. Or Laws 2020, ch 4, § 1(6) (Spec Sess 1). HB 4204 expired on December 31, 2020, *id.* § 1(2)(b); Executive Order (EO) 20-37, and the trial court entered the judgment of foreclosure on March 30, 2021.

Three months later, in June 2021, the legislature enacted HB 2009 (2021), which by its terms applied retroactively, beginning when the previous moratorium ended on December 31, 2020. Or Laws 2021, ch 106, § 1(1)(b). That legislation, coupled with subsequent executive orders, extended the prohibition on entering judgments of foreclosure through 2021. *Id.* § 1(1)(b), (6)(a); EO 21-14; EO 21-30. It also included exceptions to the moratorium on entering judgments of foreclosure that were not part of HB 4204. *See, e.g.*, Or Laws 2021, ch 106, § 1(2)(a), (2)(g), (10). It was repealed in early 2022. *Id.* § 12.

Although we conclude that the trial court did not err in granting plaintiff's motion for summary judgment, we remand to the trial court for further proceedings to consider the impact of HB 2009 on the validity of the judgment of foreclosure entered in this case.

Reconsideration allowed; former disposition withdrawn; remanded for further proceedings.