No. 503 June 4, 2025 127

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

GREEN TREE SERVICING LLC
and Wilmington Savings Fund Society, FSB,
dba Christiana Trust, not individually but as
Trustee for Pretium Mortgage Acquisition Trust,
*Plaintiffs-Respondents,*

*v.*

Kent R. SEIDA, Sr.,
aka Kent R. Seida, aka Kent Seida,
*Defendant-Appellant,*

*and*

THE ADMINISTRATOR OF THE U.S. SMALL
BUSINESS ADMINISTRATION,
an agency of the government of the United States of
America et al.,
*Defendants.*

Lincoln County Circuit Court
132390; A181786

Marcia L. Buckley, Judge.

Submitted May 13, 2024.

Kent R. Seida argued the cause and filed the briefs *pro se*.

Peter J. Salmon argued the cause for respondents. Also on the brief was Aldridge Pite, LLP.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

This is another chapter in a foreclosure action in which defendant Seida originally appealed from a general judgment of foreclosure and award of attorney fees. Initially, we affirmed without opinion, *Green Tree Servicing LLC v. Seida*, 321 Or App 212, 514 P3d 1207 (2022), and then we granted reconsideration, withdrew our former disposition, and remanded the case to the trial court for further proceedings to consider the impact of COVID-19 legislation. *Green Tree Servicing LLC*, 322 Or App 161 (2022) (nonprecedential memorandum opinion). Specifically, we concluded that the court did not err in granting plaintiff's motion for summary judgment and remanded the case for the trial court to consider the validity of the judgment in light of legislation involving temporary moratoria on foreclosures that passed while the foreclosure action was pending. *Id.* at 163. On remand, the court again entered a foreclosure judgment, and defendant now appeals from that judgment.

On appeal, defendant asserts that the trial court erred as a matter of law because plaintiff, in his view, "introduced fraudulent and forged documents." That is, defendant's focus on appeal is a challenge to the court's grant of summary judgment, which we already affirmed in our earlier decision. The difficulty with that argument is that it runs straight into the "law of the case" doctrine, which prevents revisiting an issue already decided in the same proceeding. *See, e.g.*, *Hayes Oyster Co. v. Dulcich*, 199 Or App 43, 53-54, 110 P3d 615, *rev den*, 339 Or 544 (2005) (explaining that the law of the case doctrine is involved "to preclude parties from revisiting issues that already have been fully considered by an appellate court in the same proceeding"); *ILWU, Local 8 v. Port of Portland*, 279 Or App 157, 164-65, 379 P3d 1172, *rev den*, 360 Or 422 (2016) (noting that the law of the case doctrine precludes "relitigation of an appellate court holding after remand and on subsequent appeal"). Because defendant already has received appellate review of the issue that he now raises in this appeal, it is not a basis to reverse the foreclosure judgment. Further, defendant does not contend on appeal that there are any newly discovered facts or that there is a change in the applicable law. Accordingly, the law

of the case doctrine precludes defendant from revisiting the trial court's grant of summary judgment.

Affirmed.